UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEMITRIUS WAYNE ALEXANDER,** ) | ) |
| Petitioner, ) | ) |
| ) | Case No.: 2:19-cv-00930-RDP-SGC |
| v. ) | ) |
| **WARDEN HEADLEY, et al.,** ) | ) |
| Respondents. ) | |

## MEMORANDUM OPINION

On February 13, 2020, the Magistrate Judge entered a report (Doc. 12) recommending that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by Demitrius Wayne Alexander be denied. (Doc. 12). Petitioner filed timely objections to the Report and Recommendation. (Doc. 13). For the reasons discussed below, Petitioner's objections are due to be overruled.

First, Petitioner objects to the Magistrate Judge's recitation of the background and procedural history of his claims. (*Id.* at 2). He complains that the Magistrate Judge did not address the facts underlying his conviction in full depth and reported factual inaccuracies. (*Id.*). The only specific information Petitioner alleges that the Magistrate Judge excluded from the Report and Recommendation is that (1) no crime scene tape was used at the site where the victim's body was found, and (2) a comparison of crime scene integrity reports with investigators' trial testimony

demonstrates inconsistencies in the times investigators allegedly entered and left the site. (*Id.*). But, none of this information (even if it were true) alters the Magistrate Judge's recommendations regarding the disposition of Petitioner's claims. Accordingly, it was unnecessary for the Magistrate Judge to include that information in the Report and Recommendation.

The single alleged "inaccuracy" Petitioner specifies in his objections is that while the Magistrate Judge stated that the victim's body was found on January 15, 2009, the police did not find the body until January 16, 2009. (*Id.*). In fact, the victim's body was found on January 15, 2009 by several high school boys. (Doc. 7-9 at 181-83). Those boys reported their finding to law enforcement officers on January 16, 2009, and that is the date when law enforcement officers located the body. (Doc. 7-10 at 11, 19). So, the Magistrate Judge's statement regarding when the victim's body was found is not factually inaccurate. And, even more importantly, the date on which the body was found is immaterial to the Magistrate Judge's recommendations regarding disposition of Petitioner's claims.

Second, Petitioner objects that the Magistrate Judge did not address the absence of a warrant to search a filing cabinet located in a storage unit rented by Petitioner's mother to hold his possessions. (Doc. 13 at 2-3).[1] However, as the

---

[1] Petitioner asserts two objections in this regard, which were addressed as a single objection.

Magistrate Judge correctly determined, any claim that a search or seizure violated Petitioner's Fourth Amendment rights does not provide a basis for federal habeas relief because Petitioner had the opportunity to fully and fairly litigate the claim in state court. (Doc. 12 at 13 n.10). Further, the Magistrate Judge also correctly determined that Petitioner's presentation of this Fourth Amendment issue involving the filing cabinet was barred, either by the doctrine of procedural default or because the claim was meritless (based upon the standard of review applicable in a federal habeas proceeding). (*Id.* at 8-20).

Third, Petitioner objects that the Magistrate Judge did not address his contention that the prosecution's introduction at trial of certain song lyrics was prejudicial. (Doc. 13 at 4). But that argument misses the mark. The Magistrate Judge addressed this claim and correctly determined it was either procedurally defaulted or without merit. (Doc. 12 at 18 n.13).

Fourth, Petitioner objects that the Magistrate Judge recharacterized his claims and did not address the merits of all his claims. (Doc. 13 at 4). Petitioner has not explained why he believes the Magistrate Judge recharacterized his claims. (*See id.*). The court understands that his use of the term "recharacterized" relates to the Magistrate Judge's approach to analyzing his claims. That is, the Magistrate Judge addressed his ineffective assistance claim (involving the search of the storage unit and its contents) as presenting two arguments: (1) Petitioner's contentions

surrounding the discovery of the song lyrics in a filing cabinet in the storage unit, and (2) his other contentions about other aspects of the search of the storage unit and its contents. The Magistrate Judge divided Petitioner's ineffective assistance of counsel arguments into those challenging what his trial counsel did (or did not do) and those complaining about the actions (or inactions) of his appellate counsel. But, this division was necessary to allow for the proper analysis of Petitioner's constitutional challenges. Moreover, because the Magistrate Judge correctly determined that certain of Petitioner's claims were procedurally defaulted, it was unnecessary for the report to address the merits of those claims.

Fifth, Petitioner objects to the Magistrate Judge's determination that he is not entitled to an evidentiary hearing. (*Id.*). He asserts that a hearing is necessary to resolve disputed facts. (*Id.*). That argument is without merit. The Magistrate Judge's recommendations do not rely on any disputed facts. Therefore, the Magistrate Judge correctly determined that Petitioner is not entitled to an evidentiary hearing. (Doc. 12 at 20).

Sixth, Petitioner contends he requires counsel and a firearms expert to test the "alleged" murder weapon. (Doc. 13 at 4). But, as the Magistrate Judge correctly determined, Petitioner's claims are either procedurally defaulted or meritless based on the record. Petitioner is not entitled to the appointment of counsel or an expert. *See Johnson v. Avery*, 393 U.S. 483, 487 (1969) ("In most federal courts, it is the

4

practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."); 18 U.S.C. § 3006A(a)(2)(B) (authorizing discretionary appointment of counsel in federal habeas proceeding prior to evidentiary hearing if "the interests of justice so require").

Seventh, Petitioner objects to the Magistrate Judge's determination that his claim asserting that a conflict of interest tainted his trial does not warrant further consideration because he raised the claim for the first time in his reply brief. (Doc 13 at 5). According to Petitioner, the claim is based on newly discovered evidence. But this newly discovered "evidence" relates to a case decision that Petitioner contends provides legal support for his claim. He discovered and presented his arguments about that court opinion after he filed his federal habeas petition. (*Id.*). Legal research does not constitute newly discovered evidence warranting consideration of a claim raised for the first time in a reply brief.

Finally, Petitioner objects to the Magistrate Judge's finding that he did not present certain of his claims in his Rule 32 petition. (Doc. 13 at 5). He asserts that he presented the claims in a motion for reconsideration and a motion to amend, which was filed in the state trial court. (*Id.*). But, the trial court denied those requests for relief, and the Alabama Court of Criminal Appeals held the claims were procedurally barred because they were not properly presented to the trial court. The

5

Magistrate Judge correctly determined that these claims were indeed procedurally defaulted.

For the all these reasons, the court **OVERRULES** Petitioner's objections. After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report of the Magistrate Judge and **ACCEPTS** her recommendations. In accordance with the recommendation, the court finds that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by Demitrius Wayne Alexander is due to be **DENIED**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

A separate order will be entered.

**DONE** and **ORDERED** this March 12, 2020.

                                                                                        _____
                                                                                        **R. DAVID PROCTOR**
                                                                                        UNITED STATES DISTRICT JUDGE